IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVESTER SLAY, JR., <br> AIS 304001, <br>     Plaintiff, <br><br> vs. <br><br> GOVERNOR KAY IVEY, *et al.*, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )  CIV. A NO. 22-335-TFM-N <br> ) <br> ) <br> ) <br> ) |

**REPORT & RECOMMENDATION**

Plaintiff Sylvester Slay, Jr., an Alabama prisoner proceeding *pro se* and *in forma pauperis*, filed an amended complaint in which he alleges violations of his civil rights while incarcerated in Fountain Correctional Facility. (*See* Doc. 16). Plaintiff names as defendants Alabama Department of Corrections Commissioner John Hamm, Warden Mary Cook, and Correctional Officer Calloway. The plaintiff seeks monetary relief and that that the defendants be removed from their jobs. (*Id*. at 7). Pursuant to the usual practices of this Court, S.D. Ala. GenLR 72(a)(2)(R) and 28 U.S.C. § 636(b)(1), the plaintiff's complaint was referred to the undersigned magistrate judge for consideration and disposition or recommendation on all pretrial matters. (*See* Doc. 3). This civil action is now before the Court *sua sponte* on review of the amended complaint (Doc. 16). *See* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Upon review of the amended complaint, it is **RECOMMENDED** that the claims against Defendant ADOC Commissioner Hamm be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff fails to state a claim upon which relief may be granted. However, within the time period for filing objections to the Report and Recommendation, **Plaintiff Slay is granted leave to file an amended or supplemental complaint that states a plausible claim, that is, a claim upon which relief may be granted, against Defendant John Hamm.**

I.     **Standard of Review.**

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id*. at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 557.

---

[1]     *Neitzke's* interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license ... to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## II.     Procedural Background & Summary of the Operative Complaint.

Plaintiff initiated this action on August 19, 2022, by filing a complaint under 28 U.S.C. § 1983 (Doc. 1),[2] with a contemporaneous motion to proceed without prepayment of fees, or *in forma pauperis*, which was granted (Docs. 2, 6). Plaintiff alleged in his initial complaint that while incarcerated at Fountain Correctional Facility, on August 27, 2020, he was violently assaulted by at least ten other inmates after an officer allowed the inmates to enter the dorm and attack him. Plaintiff alleged the incident occurred due to overcrowding, understaffing, and the lack of security of the prison, naming as defendants Governor Kay Ivey, Alabama Department of Corrections (ADOC) Commissioner John Hamm, and Warden Mary. Plaintiff however failed to provide any details about the attack in question or the resulting injury, including the specific conduct of any defendant, like how he or she is responsible for the attack on Plaintiff, what

---

[2] Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

knowledge the defendant maintained that put him or her in a position to know have known about the attack, or how a defendant could have prevented the attack. Noting that Plaintiff's allegations were insufficient to establish a constitutional claim, the Court ordered Plaintiff to file an amended complaint pleading enough factual content to allow the court to infer that the named defendant was liable for the alleged misconduct. (Doc. 12). The Court further instructed Plaintiff as to the need to causally connect each supervisory defendant to the alleged constitutional violation because supervisors are not liable under §1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks omitted).

On September 14, 2023, Plaintiff filed an amended complaint against ADOC Commissioner Hamm, Warden Cook and Correctional Officer Calloway. (Doc. 16). Plaintiff alleges in the amended complaint that between the hours of 2:00 a.m. and 3:00 a.m. on August 27, 2020, during lockdown at Fountain Correctional Facility, Officer Calloway allowed inmates, not assigned to his dorm, to enter his dorm. (Doc. 16 at 4). Plaintiff alleges these inmates pulled him from his bed, beat him with locks in socks, and kicked him until he was unconscious. (*Id*.). When he "came to", he heard the grill gate close, so he screamed for help and ran to the grill gate, where he saw Officer Calloway walking away. (Doc. 16 at 8). After obtaining Officer Calloway's attention, Officer Calloway opened the gate and Plaintiff ran out, collapsing on to the shift office floor. (*Id*.). Plaintiff was subsequently life flighted to USA hospital where he received treatment for injuries to his head, face, and back. (*Id*.).

Plaintiff alleges ADOC Commissioner Hamm is liable for unconstitutional conditions of overcrowding, understaffing, and lack of security at Fountain Correctional Facility, as he was aware of recent violent attacks due to overcrowding, understaffing, and lack of security and

failed to reduce overcrowding and failed to hire more staff. (Doc. 16 at 5). He claims Warden Cook is liable for failing to protect him, as she was aware of recent violent attacks on inmates due to understaffing, lack of security, and yet she failed to hire more staff or properly secure inmates. (*Id*.). Plaintiff further alleges Officer Calloway is liable for failing to protect him by allowing inmates not assigned to his dorm enter his dorm. (*Id*. at 6).

The Court ordered Defendants Cook, Calloway, Hamm, and (inadvertently) Ivey be served with the amended complaint. (Doc. 17). Defendants Cook and Calloway have executed waivers of service. (*See* Docs. 20, 21). On November 1, 2023, the deadline for waivers to be filed by Defendants Ivey and Hamm passed and prompted this current review.

### III.    Discussion.

Review of Plaintiff's amended, operative complaint (Doc. 16) reflects that Governor Kay Ivey is not a named defendant in this action. Plaintiff does not identify Governor Ivey in the style of the amended complaint. Nor is Governor Ivey listed as a defendant in Section III., where parties are described. Nor does Plaintiff provide a single factual allegation related to Governor Ivey in the amended complaint. Additionally, Plaintiff was previously cautioned by the Court that his amended complaint would replace his initial complaint, that he should not rely on it or refer to it, and that only the claims asserted in the amended complaint would be considered by the Court. (Doc. 12 at 4). For these reasons, Governor Kay Ivey should be terminated as a party to this action.

Turning to the claims against unserved Defendant Commissioner Hamm, Plaintiff raises general allegations but notably fails to causally connect his personal actions to the alleged constitutional deprivation. *Cottone* 326 F.3d at 1360. Instead, Plaintiff asserts the vague and conclusory allegation that ADOC Commissioner Hamm is liable for unconstitutional conditions

of overcrowding, understaffing, and lack of security at Fountain Correctional Facility, as he "was aware of recent violent attacks due to overcrowding, understaffing, and lack of security and fail[ed] to reduce overcrowding and fail[ed] to hire more staff." (Doc. 16 at 5). Here, to succeed on his claim, Plaintiff must allege facts that show 1) a history of widespread abuse which put Hamm on notice of the need to correct the alleged deprivation, and that Hamm failed to correct the deprivation; 2) a custom or policy of Hamm's that resulted in deliberate indifference to constitutional rights; or 3) facts that support an inference that Hamm directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted). Plaintiff appears to allege that Hamm was on notice because he had knowledge of other inmate attacks and general violence at the prison. However, Plaintiff fails to describe any other attacks, identify how often they occur, the circumstances under which they occur, or give any additional details to suggest that the prison is overrun with violence or terror. Indeed, Plaintiff fails to provide any factual allegations related to the overcrowding, understaffing, or lack of security at Fountain Correctional Facility, beyond facts related to the single, isolated incident which occurred on August 27, 2020. And Plaintiff submits no allegation as to how Defendant Hamm has subjective knowledge of the claimed "recent violent attacks." (Doc. 16 at 5). Accordingly, Plaintiff's claim falls short of establishing that Commissioner Hamm was on notice of a need to correct a constitutional violation and failed to do so, *see West v. Tillman*, 496 F.3d 1321, 1329 (11th Cir. 2007) (to put a supervisor on notice of need to correct subordinates, the deprivation in question must "constitute widespread abuse [that is] obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences."), despite having had the opportunity to amend his complaint. *Lee v. Alachua Cnty., Fla.*, 461 F. App'x 859, 860 (11th Cir. 2012) (requiring that a

*pro se* litigant be given one chance to amend a complaint that fails to state a claim before dismissing the complaint but recognizing that an amendment will not be allowed if it is futile, that is, subject to being dismissed or to summary judgment).

## IV.     Conclusion.

Based upon the foregoing reasons, it is **RECOMMENDED** that the claims against Defendant ADOC Commissioner Hamm be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff fails to state a claim upon which relief may be granted. However, within the time period for filing objections to the Report and Recommendation (as set out below, notably 14 days from service of this report and recommendation), **Plaintiff Slay is granted leave to file an amended or supplemental complaint that states a plausible claim, that is, a claim upon which relief may be granted, against Defendant John Hamm.**

If Plaintiff Slay elects to file an amended complaint, he shall use the Court's § 1983 complaint form. An amended and/or supplemental complaint will be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is **DIRECTED** to send a § 1983 complaint form to Plaintiff. The Clerk is further **DIRECTED** to terminate Governor Kay Ivey as a defendant in this action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to

a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this 14th day of November, 2023.

                                              /s/ *Katherine P. Nelson*
                                              **UNITED STATES MAGISTRATE JUDGE**